UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DORMAKABA USA INC., <br><br> Plaintiff, <br><br> v. <br><br> DORMAKABA USA CO INC, ROBERT THOMAS A/K/A JOHN DOE 1, XYZ CORP., AND JOHN DOES 2-10, <br><br> Defendants. | CIVIL ACTION NO. 1:21-cv-01488-JPB |

**TEMPORARY RESTRAINING ORDER**

Before the Court is Plaintiff Dormakaba USA Inc.'s ("Dormakaba") *Ex Parte* Application for a Temporary Restraining Order ("Application") against Defendants Dormakaba USA Co Inc ("Dormakaba Co"), Robert Thomas a/k/a John Doe 1, XYZ CORP. and John Does 2-10 (collectively "Defendants"). ECF No. 2. Having reviewed and fully considered the papers filed therewith and after conducting a hearing on this matter, the Court enters this Temporary Restraining Order Without Notice to Defendants, pursuant to Fed. R. Civ. P. 65(b), at the hour of 1:45 PM on April 16, 2021. This Temporary Restraining Order shall expire fourteen days from the date and time it is entered, absent a further order by this Court.

1. The Court has subject matter jurisdiction over this action, pursuant to 15 U.S.C. § 1121, and pursuant to 28 U.S.C. § 1331, insofar as some of the alleged claims arise under the laws of the United States. The Court, in its discretion, exercises pendant jurisdiction over the state-law claims alleged in the Complaint, finding that those claims are so related to the federal-law claims that they form part of the same case or controversy under Article III of the United States Constitution. *See* 28 U.S.C. § 1367(a).

2. Dormakaba has established a substantial likelihood that it will prevail on the merits. Based on the evidence submitted in support of the Application, there is a substantial likelihood that Dormakaba will prove that it has a registered and valid trademark and that Defendants have infringed on such trademark, including by registering a company under the name "Dormakaba USA Co Inc" for the purpose of deceiving Dormakaba's customers and attempting to convert or misappropriate Dormakaba's funds.

3. Dormakaba has also established that immediate and irreparable injury, loss or damage will result to it before Defendants can be heard on this matter. Such harm includes depriving Dormakaba of the value of its intellectual property rights, diluting and damaging its goodwill and leaving its customers vulnerable to a fraudulent scheme.

4. Dormakaba's counsel has represented in writing, pursuant to Federal Rule of Civil Procedure 65(b), that it currently has no means of finding Defendants given their use of a fictitious address for service of process and their efforts to conceal their true identifies. The Court therefore finds that it is appropriate to issue this Temporary Restraining Order without notice. Dormakaba is also concerned that upon service of the Complaint, Defendants may close the banking accounts at issue here or transfer funds outside of this Court's jurisdiction, thereby preventing Dormakaba's recovery of damages.

5. This Temporary Restraining Order will not cause harm to Defendants, but to the extent such harm might occur, the risk of harm is substantially outweighed by the irreparable injuries Dormakaba will sustain if this Temporary Restraining Order is not issued. This includes the harm to Dormakaba's goodwill and reputation and the damaging effects of unrestrained infringement, particularly where, as here, the evidence before the Court indicates that Defendants have no right to use Dormakaba's trademark.

6. This Temporary Restraining Order is necessary to prevent irreparable harm to Dormakaba, as described above.

7. This Temporary Restraining Order is consistent with the public interest.

8. Accordingly, the Court hereby **GRANTS** Dormakaba's Application (ECF No. 2) and **ORDERS** specifically as follows:

   a. Defendants, their officers, agents, servants and employees and any persons in active concert or participation with them, who receive actual notice of this order by personal service or otherwise, are restrained from:

      i. directly or indirectly using Dormakaba's trademark or the name "Dormakaba USA Co Inc" or any substantially similar name, in any manner whatsoever, including for the purpose of banking services or other financial activity;

      ii. directly or indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of, or withdrawing any assets or property owned by, controlled by, held for the benefit of Defendants or in the possession of Defendants, including, but not limited to, cash, banking accounts, securities, and/or other types of assets;[1] and

      iii. directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any books, records, documents, correspondence, electronic files and other tangible or intangible evidence relating to Defendants' use of the name "Dormakaba USA Co Inc."

9. Pursuant to Federal Rule of Civil Procedure 65(c), the Court has considered whether and in what amount Dormakaba should be required to give security to pay the costs and damages sustained by any party found to have been

---

[1] This includes, but is not limited to, accounts held in the name of Dormakaba USA Co Inc at J.P. Morgan Chase Bank and PNC Bank, N.A.

wrongly enjoined.  In light of the facts shown by Dormakaba, including the lack of any harm to Defendants as a result of this Temporary Restraining Order, the Court finds and **ORDERS** that no security is necessary.

**SO ORDERED** this 16th day of April, 2021.

J. P. BOULEE
United States District Judge