UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DORMAKABA USA INC., <br><br> Plaintiff, <br><br> v. <br><br> DORMAKABA USA CO. INC., ROBERT THOMAS A/K/A JOHN DOE 1, XYZ CORP., AND JOHN DOES 2-10, <br><br> Defendants. | CIVIL ACTION NO. <br> 1:21-cv-01488-JPB |

## **ORDER**

The following matters are before the Court:

1. Plaintiff's Motion to Redact Personal Identifiers (regarding Complaint Exhibit 10) (ECF No. 7);

2. Plaintiff's Motion to Redact Personal Identifiers (regarding Notice of Intent of Serving Subpoena) (ECF No. 18);

3. Plaintiff's Motion for Service by Publication as to Defendant Robert Thomas (ECF No. 21); and

4. Plaintiff's Third Motion to Extend *Ex Parte* Temporary Restraining Order (ECF No. 22).

Having reviewed and fully considered the papers filed therewith, the Court finds as follows:

## I. BACKGROUND

Plaintiff Dormakaba USA Inc. ("Dormakaba") is a corporation incorporated and existing under the laws of the State of Delaware with its principal place of business in Indiana. Dormakaba filed a complaint against the defendants for trademark infringement and other claims. Dormakaba alleges that the defendants infringed on its trademark, including by registering a company under a similar name—"Dormakaba USA Co Inc" ("Dormakaba Co")—for the purpose of deceiving Dormakaba's customers and attempting to convert or misappropriate Dormakaba's funds.

## II. ANALYSIS

### 1. Motions to Redact

Dormakaba seeks to redact personal identifiers in two documents: Exhibit 10 of the Complaint, which is a copy of a check with bank account information for non-party The Christman Company; and Dormakaba's Notice of Intent of Serving Subpoena, which includes a social security number for Defendant Robert Thomas ("Thomas").

For good cause shown, including that Exhibit 10 contains sensitive bank account information and the subpoena contains sensitive personal information, the Court **GRANTS** both of Dormakaba's motions to redact personal identifiers (ECF

Nos. 7, 18).  *See Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (stating that the public's right of access to information "may be overcome by a showing of good cause").

### 2. Motion to Serve by Publication

Dormakaba seeks leave of the Court to serve Thomas by publication.

Dormakaba has attempted to personally serve Thomas, the registered agent and incorporator of Dormakaba Co, twice at a residential address listed on Dormakaba Co.'s Articles of Incorporation filed with the Georgia Secretary of State.  However, Dormakaba learned from the owner of the residence that neither Thomas nor Dormakaba Co. had ever been associated with or had a right to use that address.  The homeowner previously reached out to Dormakaba to report that she was improperly receiving mail for Dormakaba Co. at her address.

Dormakaba has also served a subpoena on the bank Thomas used to open an account in the name of Dormakaba Co. in a further attempt to locate him but to no avail.

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that a defendant may be served by any means permitted under the law of the state in which the district court sits.  *See* Fed. R. Civ. P. 4(e)(1); *Progressive Mountain Ins. Co. v. Rangel*, No. 3:17-CV-098, 2017 WL 10087268, at *1 (N.D. Ga. Nov. 14,

2017). "Under Georgia law, a court may grant an order for service by publication when the person upon whom service is to be made has departed from the state; cannot, after due diligence, be found within the state; or conceals himself to avoid service." *Progressive*, 2017 WL 10087628, at *1; *see also* O.C.G.A. § 9-11-4(f)(1)(A). "[B]ecause notice by publication is a notoriously unreliable means of actually informing interested parties about pending suits, the constitutional prerequisite for allowing such service when the addresses of those parties are unknown is a showing that reasonable diligence has been exercised in attempting to ascertain their whereabouts." *Abba Gana v. Abba Gana*, 304 S.E.2d 909, 912 (Ga. 1983).

Whether a plaintiff has exercised due diligence in attempting to perfect service is a fact-specific inquiry. *See Progressive*, 2017 WL 10087628, at *1 (noting that "[t]here is no bright-line rule to determine whether a plaintiff has exercised due diligence in attempting to perfect service"). "The Court must 'determine whether the movant has exercised due diligence in pursuing every reasonably available channel of information' based on the unique facts of each case." *Id.* (quoting *Abba Gana*, 304 S.E.2d at 912) (granting service by publication where the plaintiff attempted service at the defendants' last known addresses, performed skip traces and hired private investigators to locate them).

*See also Chronister v. Butts Cnty.*, No. 5:15-CV-150, 2016 WL 236235, at *1 (M.D. Ga. Jan. 20, 2016) (granting service by publication when the process server made three attempts to serve the plaintiff and observed various facts indicating the plaintiff was deliberately evading service); *compare Allstate Fire & Casualty Ins. Co. v. Fennell*, No. 2:18-CV-134, 2019 WL 9667845, at *2 (S.D. Ga. Feb. 26, 2019) (denying service by publication where the plaintiff's attempts to serve the defendant amounted to "[a] one-day attempt in the field, two internet searches, and a phone call").

Applying the reasoning of these cases here, the Court concludes that service by publication is appropriate. Thomas' deliberate use of a fraudulent address leads the Court to conclude that he has concealed himself to avoid service and that he cannot be found despite Dormakaba's diligent efforts to locate and serve him. Accordingly, the Court **GRANTS** Dormakaba's Motion for Service by Publication (ECF No. 21).

### 3. Motion to Extend *Ex Parte* Restraining Order

Dormakaba seeks to extend the *ex parte* Temporary Restraining Order ("TRO") entered by this Court for another fourteen days. It maintains that an extension will allow it to continue its investigation of the identity of all the defendants, serve process and schedule a preliminary injunction hearing.

The Court issued the original TRO without consent on April 16, 2021, and has extended it for two fourteen-day periods. Therefore, the TRO has been in effect for more than twenty-eight days.

The Eleventh Circuit Court of Appeals has interpreted Federal Rule of Civil Procedure 65 "to mean that a temporary restraining order continued without the consent of the parties beyond [twenty-eight days] may be treated as a preliminary injunction."[1] *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982) (citing *Sampson v. Murray*, 415 U.S. 61, 87 (1974)). The Court therefore considers the May 13, 2021 extension of the TRO, which extended the TRO beyond twenty-eight days without the consent of the defendants, as grounds to treat the TRO as a preliminary injunction. Accordingly, the Court modifies its May 13, 2021 Order to clarify that the provisions of the TRO will remain in place until further order of the Court. The defendants may move to dissolve the order at the time they make their first appearance in the case.

For these reasons, the Court **DENIES** Dormakaba's Motion to Extend *Ex Parte* Temporary Restraining Order (ECF No. 22) as moot.

---

[1] At the time the *Fernandez-Roque* opinion was rendered, the applicable time period was twenty days. It is now twenty-eight days. *See* Fed. R. Civ. P. 65(b)(2).

### III.  **SUMMARY**

Based on the foregoing analysis, the Court rules as follows:

- Plaintiff's Motion to Redact Personal Identifiers (regarding Complaint Exhibit 10) (ECF No. 7) is **GRANTED**;

- Plaintiff's Motion to Redact Personal Identifiers (regarding Notice of Intent of Serving Subpoena) (ECF No. 18) is **GRANTED**;

- Plaintiff's Motion to Serve by Publication as to Defendant Robert Thomas (ECF No. 21) is **GRANTED**;

- Plaintiff's Motion to Extend *Ex Parte* Temporary Restraining Order (ECF No. 22) is **DENIED** as moot.

**SO ORDERED** this 20th day of August, 2021.

J. P. BOULEE
United States District Judge